## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NICHOLE WALKINSHAW, TYSHA BRYANT, APRIL ENDICOTT, HEATHER NABITY, MEGHAN MARTIN, ALANDREA ELLWANGER, TROY STAUFFER, and all other similarly situated former or current employees of Defendants,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**COMMONSPIRIT HEALTH f/k/a CATHOLIC HEALTH INITIATIVES, CHI NEBRASKA d/b/a CHI HEALTH, and SAINT ELIZABETH REGIONAL MEDICAL CENTER,**<br><br>**Defendants.** | **Civil Action No. 4:19CV3012** |

### DEFENDANT COMMONSPIRIT HEALTH'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant CommonSpirit Health ("CommonSpirit") respectfully moves to dismiss the claims against it in Plaintiffs' Corrected Second Amended Class Action Complaint (the "Second Amended Complaint") for lack of personal jurisdiction. Plaintiffs filed their Second Amended Complaint on August 10, 2020, in which they corrected various factual inaccuracies, defined a new subclass and asserted a new cause of action. *See* Dkt. #115. Plaintiffs' amendments, though, largely dealt in semantics rather than substance, and do not include any additional factual claims or allegations related to this Court's jurisdiction over CommonSpirit. As such, CommonSpirit's previously asserted arguments about the lack of personal jurisdiction remain applicable, and CommonSpirit again moves to dismiss Plaintiffs' Second Amended Complaint for lack of personal jurisdiction. *See, e.g.*, Fed. R. Civ. P. 12(h)(1); *see also Ribeiro v. Baby Trend, Inc.*, No. 8:12-CV-204, 2016 WL 3093439, at *4 (D. Neb. June 1, 2016) (noting that asserting a jurisdictional defect in defense is

74207731.2

not preserved in perpetuity and "may be lost by failure to assert it seasonably") (quoting *Yeldell v. Tutt*, 913 F. 2d 533, 539 (8th Cir. 1990)). In support of its motion, CommonSpirit renews and incorporates the arguments presented in its previous Motion to Dismiss for Lack of Personal Jurisdiction, now in response to Plaintiffs' Second Amended Complaint. *See* Dkt. ## 44-45. As set forth more fully below, Plaintiffs have still not sufficiently plead facts demonstrating that personal jurisdiction exists over CommonSpirit, even after having conducted discovery and numerous opportunities to amend their allegations.

## I. RELEVANT BACKGROUND

CommonSpirit owns hospitals, medical facilities, clinics, and other health-related businesses throughout the country. Dkt. #115, ¶ 9. One of CommonSpirit's many subsidiaries is CHI Health, which is incorporated and headquartered in Nebraska. *Id*. at ¶¶ 2, 9. CommonSpirit, on the other hand, is neither incorporated in Nebraska, nor has its principal place of business in Nebraska. *Id*. at ¶¶ 9, 18. Rather, Defendant is incorporated in Colorado, and with its principal place of business in Chicago, Illinois.[1] *Id*. Each of the seven named Plaintiffs work or worked at St. Elizabeth Regional Medical Center which is headquartered in either Omaha or Lincoln, Nebraska. *Id*. at ¶¶ 9, 20.

## II. LEGAL STANDARD

Plaintiffs bear "the burden of establishing that jurisdiction is proper" when faced with a motion for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *K-V*

---

[1] In their initial Complaint, Plaintiffs asserted that CommonSpirit's corporate headquarters were in Englewood, Colorado. Dkt. #1, ¶4.

*Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F. 3d 588, 591-92 (8th Cir. 2011) (internal citations omitted).

The most critical issue to be considered when determining whether a court may exercise personal jurisdiction over a defendant is the "due process" right of that defendant. *See*, *e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see also Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty*, 137 S. Ct. 1773 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). Indeed, certain "minimum contacts" must exist between the defendant and the forum state where a lawsuit is filed "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG*, 571 U.S. at 126; *see also Bristol-Myers Squibb Co.*, 137 S. Ct. at 1785; *Goodyear*, 564 U.S. at 923. Assessing the burden that litigation in a foreign state would pose with regard to the defendant is the primary concern, and requires that a court consider the practical problems resulting from the litigation in the forum, as well as the more abstract matter of requiring the defendant to submit to the coercive power of a forum that may have little legitimate interest in the claims in question. *World-Wide Volkswagen Corp.*, 444 U.S. 286, 292, 294 (1980).[2]

The Supreme Court recognizes two types of personal jurisdiction – general jurisdiction, sometimes called "all-purpose" jurisdiction, and specific jurisdiction, sometimes called "case-linked" jurisdiction. *Goodyear*, 564 U.S. at 919. Here, Plaintiffs appear to allege only that

---

[2] In cases premised on federal question subject matter jurisdiction, "a federal court cannot exercise personal jurisdiction over a defendant unless the statute at issue explicitly grants such jurisdiction or a state court in the forum state would have jurisdiction over that defendant." *Willis v. U.S. Dept. of the Treasury*, Case No. 16-3251, 2016 WL 9526411, at *2 (W.D. Mo. Oct. 24, 2016). Because the FLSA, the federal statute at issue in this litigation, is silent as to personal jurisdiction (*Wallace v. Stanton*, Case No. 12-1699, 2013 WL 3327955, at *4 (N.D.N.Y. July 2, 2013)), the exercise of personal jurisdiction must comport with the Due Process of the Fifth Amendment. *Willis*, 2016 WL 9526411, at *2. "Though the due process analysis in a case arising under federal law falls under the Fifth rather than the Fourteenth Amendment, the substantive analysis is the same." *Id.* Accordingly, the personal jurisdiction analysis here comes full circle.

3

CommonSpirit is subject to specific personal jurisdiction, given their citation to Nebraska's long-arm statute. Dkt. #115, ¶ 9. Nonetheless, Plaintiffs have failed to satisfy their burden that CommonSpirit is subject to either general or specific personal jurisdiction.

## III. PLAINTIFFS FAIL TO MEET THEIR BURDEN OF ESTABLISHING GENERAL PERSONAL JURISDICTION OVER COMMONSPIRIT.

Normally, general jurisdiction over a corporation exists only when the corporation's place of incorporation or its principal place of business is in the forum state. *Goodyear*, 564 U.S. at 924. Moreover, it would be the exceptional case for general jurisdiction to exist in an additional state; this would only be possible if the corporation had affiliations "so substantial and of such a nature" as to render the corporation at home in that State. *Daimler AG*, 571 U.S. at 127.

### A. CommonSpirit is not incorporated in Nebraska and its principal place of business is not in Nebraska.

Here, Plaintiffs' general jurisdiction allegations with regard to CommonSpirit are insufficient. Plaintiffs fail to allege that CommonSpirit is incorporated in Nebraska or that its principal place of business is in Nebraska. On the contrary, Plaintiffs assert CommonSpirit is incorporated in Colorado and headquartered in Chicago, Illinois. Dkt. #115, ¶ 9, 18.

### B. CommonSpirit is not at home in Nebraska.

Further, Plaintiffs' allegations fail to demonstrate CommonSpirit is at "home" in Nebraska.[3] In *Daimler*, the Supreme Court sharply limited courts' ability to exercise personal

---

[3] Plaintiffs' Second Amended Complaint includes various rambling paragraphs regarding mergers which have led to the creation of CommonSpirit and CommonSpirit's alleged liability for Catholic Health Initiatives' actions. Dkt. #115, ¶¶ 9, 18, 114–22. However, the protracted length of these paragraphs should not distract the Court from their complete irrelevance to the personal jurisdiction analysis.

Further, this issue is a classic example of how Plaintiffs' Second Amended Complaint violates Federal Rule 8; and thus, should be struck pursuant to Rule 12(f). Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P.

4

jurisdiction. Specifically, the *Daimler* Court found that even though the defendant had more than $4.6 billion in sales in the forum state, the defendant conducted the majority of its business outside of the forum state. *Daimler AG*, 571 U.S. at 760-71. Accordingly, the *Daimler* court held that despite the defendant's substantial contacts within the forum state, the contacts were not so substantial and continuous to render the defendant at "home." *Id*. at 762. The Court reasoned that to hold otherwise would subject an entity to general personal jurisdiction in every state in which it conducts business – an outcome which would be "unacceptably grasping" and an "exorbitant exercise of all-purpose jurisdiction." *Id*. at 761; *see also BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1559 (2017).

Here, Plaintiffs are attempting to do exactly what the *Daimler* court sought to restrict. Plaintiffs allege that CommonSpirit owns facilities throughout the country and that its operations are located primarily within 10 regions, one of which includes Nebraska. Dkt. #115, ¶¶ 9, 18. Plaintiffs claim that in its Nebraska region CommonSpirit employs 3,000 nurses and tens of thousands of other employees and owns over 160 facilities. *Id*. at ¶ 9. Based on these contacts, Plaintiffs claim CommonSpirit is subject to personal jurisdiction in Nebraska. As a preliminary matter, Plaintiffs concede later in their Amended Complaint CHI Health (not CommonSpirit) is

---

8(a)(2); 8(d)(1). When a complaint fails to comply with Rule 8, a court may strike those parts that are "redundant, immaterial, impertinent, or scandalous…" Fed. R. Civ. P. 12(f). A court has "liberal discretion when ruling on motions to strike under Rule 12(f)." *Williams v. Averitt Express*, Case No. 15-464, 2016 WL 589861, at *2 (D. Neb. Feb. 11, 2016). Challenged matter in a complaint may be stricken, when it "has no bearing on the subject matter of the litigation and…its inclusion will prejudice the [defendant]." *Id*. (internal quotations and citations omitted).

Plaintiffs' Second Amended Complaint consists of 76 pages and 194 paragraphs (not including subparts). Paragraphs are replete with irrelevant information. Single paragraphs stretch across several pages and include dozens of different facts. Plaintiffs' tactics should not be countenanced, and they should not be permitted to include "numerous repetitive and unnecessary factual allegations and legal conclusions" in their Second Amended Complaint. *Marsar v. Smith and Nephew, Inc.*, Case No. 13-1244, 2013 WL 4106345, at *2 (M.D. Fl. Aug. 14, 2013). Neither Defendants nor the Court should be made to trudge through Plaintiffs' protracted pleading; and as such, Plaintiffs' Second Amended Complaint should be struck.

5

74207731.2

the entity that owns the approximately 160 facilities referenced in paragraph 9. *Id*. at ¶ 19. Thus, a basis is lacking for the Court to determine these contacts are associated with CommonSpirit. Nonetheless, Plaintiffs further concede that the 160 facilities are in Nebraska *and Iowa* – further undermining any contradictory assertion of CommonSpirit contacts with Nebraska. *Id*. at ¶¶ 18, 19. Obviously, an entity's contacts with Iowa cannot create personal jurisdiction in Nebraska. Personal jurisdiction is not amenable to vacillating assertions or alternative pleading.

Moreover, according to Plaintiffs' assertions, Nebraska is only one of CommonSpirit's ten primary regions. Thus, under Plaintiffs' line of reasoning, CommonSpirit would be subject to personal jurisdiction in any of its ten primary regions, but "if a plaintiff asserts a theory of jurisdiction in the plaintiff's chosen state that would also result in jurisdiction in all 50 states, that theory is probably unconstitutional." Mark Kressel & Jacob McIntosh, *Supreme Court Changing Where You Can Be Sued*, TODAY'S GENERAL COUNSEL, Summer 2019, *available at* https://www.todaysgeneralcounsel.com/supreme-court-changing-where-you-can-be-sued/. This is because Plaintiff's theory of personal jurisdiction violates the fundamental holdings of the *Daimler* court; CommonSpirit is not at "home" wherever it conducts business. 134 S. Ct. at 760-61.

### C. CHI Health's contacts cannot be imputed to CommonSpirit.

"Mere ownership of [a] subsidiary is insufficient to justify personal jurisdiction." *Steinbuch v. Cutler*, 518 F. 3d 580, 589 (8th Cir. 2008); *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 648-49 (8th Cir. 2003); *Womack v. Moulton Coll.*, Case No. 16-145, 2017 WL 3206725, at *3 (D. Neb. May 8, 2017). "Whether a subsidiary is subject to personal jurisdiction in the state has no effect on the jurisdictional inquiry regarding its parent." *Steinbuch*, 518 F.3d at 580. Rather, a plaintiff must demonstrate that the "parent so controlled and dominated the

6

74207731.2

affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego" before a plaintiff "may obtain personal jurisdiction over a parent company." *Epps*, 327 F.3d at 648-49; *Steinbuch*, 518 F.3d at 580.

Quite simply, Plaintiffs' Second Amended Complaint is devoid of any allegations demonstrating CommonSpirit so dominated or controlled CHI Health that it acted as CommonSpirit's alter ego—as were the prior two iterations of Plaintiffs' complaint. To the extent Plaintiffs attempt to subject CommonSpirit to personal jurisdiction in Nebraska based on CommonSpirit's alleged joint employer status, their theory has been summarily rejected by courts throughout the country. Instead, it is well-settled that a joint employer relationship is a theory of liability, not a test for personal jurisdiction. *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp.2d 277, 328 (W.D. Pa. 2010); *Creech v. P.J. Wichita, L.L.C.*, Case No. 16-2312, 2017 WL 914810, at *4 (D. Kan. March 8, 2017); *Rashidi v. Veritiss, LLC*, Case No. 16-04761, 2016 WL 5219448, at *4 (C.D. Cal. Sept. 19, 2016); *Campanelli v. Image First Unif. Rental Serv., Inc.*, Case No. 15-04456, 2016 WL 4729173, at *7 (N.D. Cal. Sept. 12, 2016); *Moore v. Gulf Atlantic Packaging Corp.*, Case No. 16-886, 2016 WL 8231142, at * 12 (D. Oregon Nov. 29, 2016).

Accordingly, Plaintiffs have failed to allege Defendant is subject to general jurisdiction in this Court.

**IV. PLAINTIFFS FAIL TO MEET THEIR BURDEN OF ESTABLISHING SPECIFIC PERSONAL JURISDICTION OVER DEFENDANT.**

To establish specific jurisdiction, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State." *Goodyear*, 564 U.S. at 919. In other words, the activities at issue must arise in the forum state. When there is no such connection, specific jurisdiction is lacking, regardless of the extent

74207731.2

of a defendant's unconnected activities in the State. *See id*. at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.").

A court can exercise specific personal jurisdiction over a defendant only if "authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011). Nebraska's long-arm statute extends jurisdiction over nonresidents "to the extent the U.S. Constitution permits….Therefore, the inquiries under the long-arm statute and the 14th Amendment are merged, and the key question becomes whether the exercise of personal jurisdiction would comport with the 14th Amendment." *Wallace v. Mathias*, 864 F. Supp.2d 826, 834-35 (D. Neb. 2012). The Eighth Circuit considers the following factors when evaluating due process limits: "(1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Fastpath, Inc.*, 760 F.3d at 821. "The first three factors are of primary importance, and the last two are secondary factors." *Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 694 (8th Cir. 2003) (internal quotations and citations omitted).

Regarding the first and second factors of this test, Section III above demonstrates that the nature, quality, and quantity of CommonSpirit's contacts with Nebraska are, at best, minimal. These alleged contacts with Nebraska certainly do not demonstrate that CommonSpirit purposefully availed itself of Nebraska law.

As to the third factor, Plaintiffs claim that the activities at issue in this lawsuit are Plaintiffs' provision of medical services in Nebraska, for which Plaintiffs allegedly did not receive adequate compensation. Dkt. #115, ¶ 9. Of course, Plaintiffs' activities and contacts

8

74207731.2

with Nebraska have no bearing on whether CommonSpirit is subject to personal jurisdiction in Nebraska. Rather, the focus of the personal jurisdiction analysis is on the *defendant*'s suit-related conduct and whether the claims in the lawsuit arise out of contacts *defendant* itself created within the forum state. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

In actuality, the activities at issue in this lawsuit are those done to effectuate the On-Call Policy. To the extent the effectuation of this policy includes its creation, implementation, and enforcement, Plaintiffs readily admit that CHI Health, not CommonSpirit, performed these activities. *See, e.g.*, Dkt. # 115, ¶ 19. Obviously, CHI Health's activities have no bearing whatsoever on whether CommonSpirit is subject to personal jurisdiction in Nebraska. *See e.g.*, *Peterson v. Crown Fin. Corp.*, 435 F. Supp. 901, 904 (D. Neb. 1977). To the extent the effectuation of the On-Call Policy includes payroll processing and recordkeeping, Plaintiffs makes no assertions that CommonSpirit carried out these activities in Nebraska, nor could they in good faith. On the contrary, to the extent CommonSpirit carries out these activities, the implication is clear that CommonSpirit carries out these activities outside the state of Nebraska.

As to the fourth factor, Nebraska may provide a forum for the resident Plaintiffs without improperly exercising personal jurisdiction over CommonSpirit, as Plaintiffs can properly exercise personal jurisdiction over and maintain a suit against CHI Health and St. Elizabeth's Medical Center in Nebraska.[4] Finally, Nebraska is an inconvenient forum for CommonSpirit as the majority of its documentary materials and witnesses are located outside of Nebraska, and instead, are located where CommonSpirit conducts its principal business.

---

[4] The recent trend in the Supreme Court to limit the exercise of personal jurisdiction over non-resident defendants demonstrates "a consensus that the benefits that flow from facilitating the technologically driven growth in interstate and global commerce outweigh the challenges posed to individual plaintiffs who may have fewer choices of forums where they can bring suit." Mark Kressel & Jacob McIntosh, *Supreme Court Changing Where You Can Be Sued*, TODAY'S GENERAL COUNSEL, Summer 2019, *available at* https://www.todaysgeneralcounsel.com/supreme-court-changing-where-you-can-be-sued/.

9

## V. CONCLUSION

Plaintiffs' allegations in the Second Amended Complaint regarding CommonSpirit's contacts with Nebraska are minimal, internally incongruent, and insufficient. The notions of "fair play and substantial justice" do not comport with this Court exercising personal jurisdiction over CommonSpirit. Even after having an opportunity to conduct discovery and amend their pleadings numerous times, Plaintiffs do not have evidence to credibly support factual allegations demonstrating CommonSpirit is subject to the jurisdiction of this Court. Accordingly, CommonSpirit respectfully requests this Court dismiss Plaintiffs' claims against CommonSpirit in the Second Amended Complaint.

        Respectfully submitted,
        POLSINELLI PC


By: */s/ Emma R. Schuering*
    KAREN K. CAIN (admitted D. Neb. 2.14.19)
    JASON N.W. PLOWMAN (NE #26652)
    EMMA R. SCHUERING (admitted D. Neb. 2.14.19)
    MATTHEW P.F. LINNABARY (admitted D. Neb. 2.14.19)
    900 W. 48th Place, Ste. 900
    Kansas City, MO 64112
    (816) 753-1000
    Fax: (816) 753-1536
    kcain@polsinelli.com
    jplowman@polsinelli.com
    eschuering@polsinelli.com
    mlinnabary@polsinelli.com

ATTORNEYS FOR COMMONSPIRIT HEALTH


**CERTIFICATE OF SERVICE**

      The undersigned hereby certify that on the 25th day of August, 2020, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the Court's eFiling System, which sends a notice of electronic filing constituting service to the following:

| | |
|---|---|
| Kathleen M. Neary | R. Joseph Barton |
| Vincent M. Powers | Vincent Cheng |
| Powers Law | Block & Leviton LLP |
| 411 South 13th Street, Ste. 300 | 1735 20th Street NW |
| Lincoln, NE 68508 | Washington, DC 20009 |
| (402) 474-8000 | (202) 734-7046 |
| Kathleen@vpowerslaw.com | jbarton@blockesq.com |
| Vince@vpowerslaw.com | vincent@blockesq.com |
| | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR PLAINTIFF |


        */s/ Emma R. Schuering*
        Attorneys for Defendant CommonSpirit Health

11

74207731.2