IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLE WALKINSHAW, and all other similarly situated former or current employees of Defendant; TYSHA BRYANT, and all other similarly situated former or current employees of Defendant; APRIL ENDICOTT, and all other similarly situated former or current employees of Defendant; HEATHER NABITY, and all other similarly situated former or current employees of Defendant; MEGHAN MARTIN, and all other similarly situated former or current employees of Defendant; ALANDREA ELLWANGER, and all other similarly situated former or current employees of Defendant; and TROY STAUFFER, and all other similarly situated former or current employees of Defendant;<br><br>    Plaintiffs,<br><br> vs.<br><br>SAINT ELIZABETHS REGIONAL MEDICAL CENTER, COMMONSPIRIT HEALTH, and CHI NEBRASKA,<br><br>    Defendants. | 4:19CV3012<br><br>SECOND AMENDED<br>FINAL PROGRESSION ORDER |

 THIS MATTER is before the Court on Plaintiff's Motion to Amend Final Progression Order to Extend Certain Case Deadlines. ([Filing No. 156](#).) After a telephonic hearing with the parties the court finds the motion should be granted. Accordingly,

 IT IS ORDERED that the Plaintiffs' Motion to Amend Final Progression Order to Extend Certain Case Deadlines, ([Filing No. 156](#)) is granted. The provisions of the Court's earlier Final Progression Orders remain in effect, and in addition to those provisions, the following shall apply:

1)  The trial and pretrial conference will not be set at this time. A telephonic status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** will be held with the undersigned magistrate judge on **October 14, 2021** at **10:00 a.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. Case conference instructions are found at Filing No. [83].

2)  The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **October 11, 2021**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **October 25, 2021**.

 **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3)     The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff(s):    **April 21, 2021**
        For the defendant(s):    **May 6, 2021**

4)     The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff(s):    **May 24, 2021**
        For the defendant(s):    **July 19, 2021**
        Rebuttal:    **September 13, 2021**

5)     The fact witness deposition deadline is **October 11, 2021**.

      a. If the parties have not obtained leave of court or have not stipulated otherwise, the maximum number of non-expert witness depositions that may be taken by the Plaintiffs as a group is the greater of 10 or the number of witnesses identified in Defendants' Rule 26(a) disclosures and by the Defendants as a group is the greater of 10, the number of witnesses identified in Plaintiffs' Rule 26(a) disclosures, or the number of pre-certification opt-in plaintiffs (excluding named Plaintiffs). The parties agree to meet and confer regarding potential depositions of post-certification opt-in plaintiffs exceeding the above limits following the Court's order regarding conditional certification.

      b. Depositions will be limited by Rule 30(d)(1).

      c. All fact witness depositions, regardless of whether they are intended to be used at trial, will be completed by **October 11, 2021**.

      d. Any deposition of an expert must be conducted within 60 days of service of that expert's report.

6)     The deadline for filing motions to dismiss and motions for summary judgment is **January 13, 2022**. (the same deadline as the deadline for any motion for decertification) Any responses to such motions will be filed by **February 24, 2022**. Any replies in support of such motions will be filed **March 24, 2022**.

7)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **November 10, 2021**. Any responses in opposition to such motions will

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

be filed by **December 8, 2021**. Any replies in support of such motions will be filed by **December 22, 2021**.

8) Plaintiff will file their motion for class certification of their non-FLSA claims pursuant to Fed. R. Civ. P. 23 on or before **February 8, 2021**; Defendants will file their response in opposition to the motion on or before **March 22, 2021**; and Plaintiffs will file their reply in support of the motion on or **before April 19, 2021**.

Any motion for decertification will be filed on or before **January 13, 2022** (the same deadline as the summary judgment motion deadline). Any responses in opposition to such motion will be filed by **February 24, 2022**. Any reply in support of such motion will be filed by **March 24, 2022**.

11) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

12) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 29th day of October, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge