IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLE WALKINSHAW, and all other similarly situated former or current employees of Defendant; TYSHA BRYANT, and all other similarly situated former or current employees of Defendant; APRIL ENDICOTT, and all other similarly situated former or current employees of Defendant; HEATHER NABITY, and all other similarly situated former or current employees of Defendant; MEGHAN MARTIN, and all other similarly situated former or current employees of Defendant; ALANDREA ELLWANGER, and all other similarly situated former or current employees of Defendant; and TROY STAUFFER, and all other similarly situated former or current employees of Defendant;<br><br>            Plaintiffs,<br><br>  vs.<br><br>SAINT ELIZABETHS REGIONAL MEDICAL CENTER, COMMONSPIRIT HEALTH, and CHI NEBRASKA,<br><br>            Defendants. | **4:19CV3012**<br><br>**ORDER** |

In this action, Plaintiffs allege that they, along with other nurses who worked for Defendants at their Nebraska and Iowa facilities, were required to perform remote on-call work resulting in overtime and were not paid for it. ([Filing No. 115](#).) The Court conditionally certified a class action under the Fair Labor Standards Act ("FLSA") on December 17, 2020. ([Filing No. 179](#).) Plaintiffs represent that seventy-six individuals, across fourteen of Defendants' locations, opted-in to this suit.

A telephone conference regarding an ongoing discovery dispute was held on April 16, 2021. At that time, the date for individuals to opt-in had not passed. Therefore, following the conference, the Court ordered the parties to submit position statements once all individuals had opted-in regarding whether all opt-in plaintiffs, as opposed to just a sampling, should answer

Defendants' discovery requests and, if so, the timing for such discovery. (Filing No. 243.) The Court also stayed all progression deadlines. (*Id.*)

The parties have now submitted position statements as directed by the Court. Plaintiffs argue that the number of opt-ins who should respond to Defendants' discovery requests should be limited to 50% of the departments at each location where opt-ins worked and to one opt-in from each of those departments. Plaintiffs propose that after Defendants produce phone records and timekeeping data for opt-ins, discovery responses be provided on a rolling basis, *i.e.*, discovery responses from any three opt-ins be due every other ten days. Plaintiffs additionally request that case progression deadlines, including the deadline to file a motion for class certification, remain stayed until all discovery issues are resolved.

Defendants argue that discovery pertaining to *all* opt-in plaintiffs is necessary. Defendants argue its discovery requests to the opt-in plaintiffs are highly relevant to two issues: (1) whether the opt-in plaintiffs are similarly situated and (2) damages claimed by the opt-in plaintiffs. Defendants maintain a sampling would be insufficient because each opt-in possesses unique information related to their claims for unreported on-call work. Defendants also oppose Plaintiffs' proposed timeline for opt-in discovery production. Defendants propose that discovery responses for twenty-five opt-ins be produced within 30 days, responses from the next twenty-five opt-ins be produced in 45 days, and responses from the remaining opt-ins be provided in 60 days. Additionally, Defendants believe a progression schedule should be established at this time because Plaintiffs do not need additional discovery before filing their class certification motion.

Under the Federal Rules of Civil Procedure, parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." [Fed. R. Civ. P. 26(b)(1)](). In determining proportionality, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *[Id](.)*.

The scope of relevant discovery is extremely broad. "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009).

However, courts have discretion to limit the scope of discovery. *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir.1998). The court must limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2). *See also Misc. Docket Matter # 1 v. Misc. Docket Matter # 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information"). "Federal courts have utilized their authority under Rule 26 to limit the scope of discovery in large or complex litigation, including FLSA collective actions, for both plaintiffs and defendants." *Jones v. Casey's General Stores*, Civil No. 4:07–CV–00400–RP–TJS, Civil No. 4:08–CV–00020–RP–TJS, 2008 WL 11384207, at *5 (S.D. Iowa Sept. 19, 2008).

Having considered the matter, the Court will order that all opt-in plaintiffs provide responses to Defendants' discovery requests. In this case, a representative sample is inadequate given the relatively small number of opt-in plaintiffs. There simply is not a large enough population of opt-ins from a single department at a single hospital for sampling to be an effective representation. It appears from the submissions that the opt-ins come from thirteen separate locations and twenty-five medical departments. Further, although an employee could have a relaxed evidentiary standard of proving the extent of uncompensated work when an employer fails to maintain accurate time records, this is not the issue in this case. *See Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (8th Cir. 2013). This case does not purely involve a situation in which the employer failed to maintain time records. Rather, this case also deals with unreported work of which Defendants likely possess little to no information. Therefore, Defendants need discovery related to the specific occurrences and amounts of unreported on-call work claimed by each opt-in plaintiff.

3

The Court will order that production be done on a rolling basis. Discovery responses for twenty-five opt-ins must be produced within 30 days of this Order, responses from the next twenty-five opt-ins must be produced within 60 days, and responses from the remaining opt-ins shall be produced within 90 days. Plaintiffs are reminded of their obligation to supplement their discovery responses as necessary.

The Court further finds that revised case progression deadlines should be set at this time. Therefore, the parties shall confer and submit jointly proposed case progression deadlines to [bazis@ned.uscourts.gov](mailto:bazis@ned.uscourts.gov) by June 14, 2021. The parties shall keep the discovery production schedule set forth above in mind when conferring regarding a proposed progression schedule.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge