IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLE WALKINSHAW, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SAINT ELIZABETH REGIONAL MEDICAL CENTER, COMMONSPIRIT HEALTH f/k/a CATHOLIC HEALTH INITIATIVES, and CHI NEBRASKA f/k/a CHI HEALTH,<br><br>Defendants. | 4:19-CV-3012<br><br>**MEMORANDUM AND ORDER** |

## I.  INTRODUCTION

This case involves Plaintiffs, nurses employed by Defendants, claiming they have been improperly compensated under federal and state labor laws. The Court previously held that Plaintiffs should be granted conditional collective-action certification under the FLSA and ordered certain procedures for providing notice to and allowing the opting in of potential collective-action members. The case now comes before the Court on Plaintiffs' Motion to Approve Electronic Submission of Consent Forms and for Additional Tolling related to a supplemental group of potential collective-action members. Filing 269. For the reasons stated herein, the Court grants in part and denies in part Plaintiffs' motion.

## II.  BACKGROUND

On December 17, 2020, the Court granted Plaintiffs' Motion for Conditional Collective Action Certification, Filing 98, under the Fair Labor Standards Act ("FLSA"); approved a sixty-day opt-in period for potential collective members; and permitted notice to be disseminated to potential collective members by email. Filing 179 at 21-26. Potential plaintiffs could submit notice of their intention to join the lawsuit by mailing, emailing, or faxing a consent-to-join form. *See*

1

Filing 137-13 at 3 (proposed notice approved by court). The Court ordered Defendants to provide a list of all potential collective-action members to Plaintiffs' counsel within seven business days of the date of its order. Filing 179 at 29. Defendants provided a list on December 30, 2020, and Plaintiffs sent notice on January 12, 2021. Filing 184; Filing 188. On January 28, 2021, Defendants produced a revised collective list including additional potential members and Plaintiffs sent notice to those individuals on February 1, 2021. Filing 196; Filing 199. On July 7, 2021, Defendants produced another supplemental list of potential collective-action members who were not previously provided notice. Filing 267 at 1. It is this supplemental group of potential plaintiffs that is at issue in the present motion.

The parties have agreed to a sixty-day supplemental notice period to inform the latest group of potential collective members who were not included in the original notice. Filing 267 at 1-2. Although the parties agree that supplemental notice should be sent to this group of potential plaintiffs, they disagree on two aspects of the procedure: 1) should those receiving the supplemental notice be permitted to opt into the case via an online electronic submission form? and 2) should the statute of limitations on those individuals' FLSA claims be tolled during the supplemental notice period?

### III.    ANALYSIS

#### A.  Online Opt-In Submission

Plaintiffs argue that, although an online opt-in option was not permitted for the first groups of potential collective members, the Court should allow the supplemental group to join the suit in this manner. Filing 270 at 3. Plaintiffs point to this Court's prior order permitting the dissemination of electronic notice and argue the Court's approval of electronic *notification* procedures means it should also now allow an online *opt-in* procedure. Filing 270 at 3-4. They also argue that because

Defendants' actions in failing to disclose a full list of potential plaintiffs necessitated the supplemental notice, they should be penalized by allowing expanded consent-to-join procedures. Filing 270 at 5. Defendants argue a new form of notice is not warranted and would place the supplemental group of potential plaintiffs in a different position than the original group of plaintiffs. Filing 271 at 5-8. The Court agrees with Defendants.

The Court previously authorized Plaintiffs to provide electronic notice to potential collective members and establish an informative website. Filing 179 at 21-26, 29; Filing 137-13 at 3. The Court also permitted collective-action members to submit their consent-to-join forms by mail, fax, or email. Filing 137-13 at 2-3. Plaintiffs now seek to allow the supplemental group of potential plaintiffs to opt in via an online submission form on their informative website in addition to email submission. The Court sees no reason to treat the supplemental group of potential plaintiffs differently than the original group. Plaintiffs allude to (but do not substantiate) recent delays in postal service, Filing 273 at 3 & n.1; Filing 274-1, but this is hardly a reason for permitting a new form of electronic consent-form submission; potential plaintiffs will still be permitted to mail in their forms and thus any issues with delayed mailings would not be alleviated. As with the original group of potential collective-action members, the supplemental group has the option to submit their consent-to-join forms electronically by email in addition to fax and mail submission. This allows potential plaintiffs a variety of submission methods, including an electronic option, while placing them on equal footing with those in the group that received the original opt-in notice in January 2021. Plaintiffs' motion for an additional electronic submission option via their website is denied.

### B. Equitable Tolling

3

Plaintiffs also ask the Court to toll the FLSA statute of limitations for the supplemental group of potential collective-action plaintiffs. Filing 270 at 6-8. Defendants agree that some degree of equitable tolling is warranted, Filing 271 at 8, and thus previously agreed to toll the statute of limitations as to the supplemental group of plaintiffs through August 17, 2021. Filing 267 at 3. Defendants disagree with continuing to toll the statute of limitations beyond this date, however. Filing 271 at 8-10. They argue Plaintiffs should have sent the supplemental notice in July when Defendants provided the supplemental list of potential plaintiffs rather than filing the present motion. Filing 271 at 8-9. The Court finds tolling is warranted.

Equitable tolling "requires a litigant to establish '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Smithrud v. City of St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed .2d 669 (2005)). Plaintiffs have met that burden here; because they did not receive the supplemental list of potential collective-action members until months after sending the original notice, such potential members could not have been included in the original notice. *See, e.g.*, *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 829 (S.D. Ohio 2007) (equitably tolling FLSA statute of limitations due to delays by both parties in mailing opt-in notices). Upon recognizing the omission and receiving the supplemental list, Plaintiffs diligently filed the present motion to resolve disputed issues relating to the notice.

Members of the supplemental opt-in group should not be harmed by the delay in receiving notice that was beyond their control. Rather, the supplemental group of potential plaintiffs should be put in the same position as if they had been included in the original notice group.[1] Thus, for any

---

[1] There is no evidence that Defendants acted in bad faith in failing to disclose the supplemental group of plaintiffs with the original opt-in list or that Plaintiffs have acted in bad faith in filing the present motion. Thus, the Court declines the invitation to penalize either side by means of its ruling on the present motion.

potential plaintiff of the supplemental notice group who files an opt-in form, his or her FLSA claims must be tolled from the date original notice was sent, January 12, 2021, until the date he or she files a consent-to-join form or until expiration of the supplemental opt-in period, whichever is earlier. Plaintiffs' motion for tolling for the supplemental group of potential collective-action members is therefore granted.

## IV. CONCLUSION

For the reasons stated herein, the Court orders that the statute of limitations be tolled as to the supplemental group of potential collective-action members' FLSA claims but that such potential plaintiffs not be permitted to submit consent-to-join forms via an online website portal. Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion to Approve Electronic Submission of Consent Forms and for Additional Tolling, [Filing 269](Filing 269), is granted in part and denied in part as set forth in greater detail herein.

Dated this 6th day of October, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge