IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLE WALKINSHAW, TYSHA BRYANT, APRIL ENDICOTT, HEATHER NABITY, MEGHAN MARTIN, ALANDREA ELLWANGER, TROY STAUFFER, and all other similarly situated former or current employees of Defendant, <br><br> Plaintiffs, <br><br> vs. <br><br> COMMONSPIRIT HEALTH f/k/a CATHOLIC HEALTH INITIATIVES, CHI NEBRASKA d/b/a CHI HEALTH, and SAINT ELIZABETH REGIONAL MEDICAL CENTER, <br><br> Defendants. | 4:19CV3012 <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT |

This case is before the Court on Plaintiffs' Motion for Final Approval of Settlement, Filing 344; Plaintiffs' Motion for Service Awards to Named Plaintiff Class Representatives, Filing 329; Class Counsel's Motion for Attorneys' Fees and Litigation Expenses and Approval of Payment of Settlement Administration Expenses, Filing 332; and four requests for additional costs, Filing 336, Filing 338, Filing 342, and Filing 346. Upon consideration of the Motions and the relevant parts of the record, the Motions are GRANTED and it is hereby ORDERED as follows:

1. **Class Certification.** The Class, the 2016 Subclass, and the 2017 Subclass, as defined by the Court's Order dated October 6, 2022, Filing 323 (the Preliminary Approval Order),[1] are each finally certified for settlement purposes under Rule 23(a) and Rule 23(b)(3).

---

[1] All citations to documents in the record are to the docket filing number and docket page number (*e.g.*, Filing 323 at 3) and where appropriate the paragraph number or numbers (*e.g.*, Filing 331-1 at 2 (¶¶ 4–7)).

2. **Appointment of Class Counsel.** Pursuant to Rules 23(a)(4) and 23(g), the Court confirms its prior appointment of Plaintiffs as representatives of the Class and of R. Joseph Barton now of Barton & Downes LLP, Vince Powers of Powers Law, and Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP as Co-Lead Class Counsel.

3. **Class Notice.** The distribution of the Notice of Class Action Settlement was in accordance with the terms of the Settlement, the Court's Preliminary Approval Order, Filing 323, and the Court's Order of November 30, 2022, Filing 327, as applicable, and (a) constituted the best practicable notice to members of the Class under the circumstances of this action, (b) was reasonably calculated to apprise members of the Class of the pendency of this action, their right to object to any aspect of the proposed Settlement (including the fairness, reasonableness, or adequacy of the Class's representation by Class Counsel, their requested award of attorneys' fees and expenses, and the Modified Plan of Allocation), their right to appear at the Final Approval Hearing, and the binding effect of the orders and final judgment as to all claims against Defendants in this action, whether favorable or unfavorable, on all members of the Class, (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (d) fully satisfied the requirements of the Federal Rules of Civil procedure (including Rules 23(c)(2) and (e)), the United States Constitution, and any other applicable law.

4. **Class Action Fairness Act Notice.** Defendants have caused to be served a notice of the proposed Settlement on appropriate state and federal officials in accordance with the requirements under the Class Action Fairness Act, 28 U.S.C § 1715(b), and have satisfied their obligations thereunder.

5. **Rule 23 Approval Factors.** Each of the factors specified by Rule 23(e)(2) favors final approval.

a. **Adequacy of Class Representatives.** The Class Representatives have provided information to Class Counsel about their claims, cooperated in discovery, sat for depositions, and consulted with counsel regarding the pleadings, other filings, and the Settlement, collectively devoting hundreds of hours to the prosecution of this case. Filing 331-1 at 2 (¶¶ 4–7); Filing 331-2 at 2–3 (¶¶ 4–7); Filing 331-3 at 1–2 (¶¶ 4–7); Filing 331-4 at 1–2 (¶¶ 4–7); Filing 331-5 at 1–2 (¶¶ 4–7); Filing 331-6 at 2 (¶¶ 4–7); Filing 331-7 at 1–2 (¶¶ 4–7). The Class Representatives have adequately represented the Class. *See In re Pork Antitrust Litig.*, No. CV 18-1776 (JRT/JFD), 2022 WL 4238416, at *1 (D. Minn. Sept. 14, 2022); *Swinton v. SquareTrade, Inc.*, 454 F. Supp. 3d 848, 876 (S.D. Iowa 2020). This factor favors final approval.

b. **Adequacy of Class Counsel**. The Court previously found Co-Lead Class Counsel adequate for purposes of class certification. Preliminary Approval Order, Filing 323 at 4 (¶ 4(d)). Class Counsel has adequately represented the Class through "development of the case across multiple years, extensive motion practice, and work to reach a resolution for the class." *In re Pork Antitrust Litig.*, 2022 WL 4238416, at *1; *see* Filing 333 at 23–24 (detailing counsel's "extensive factual and legal investigations," hundreds of filings and contested motion practice in "this contentious case," and extensive written discovery and depositions). This factor favors final approval.

c. **Arm's Length Negotiation**. The Court previously found that the Settlement was the result of arm's length, non-collusive negotiations,

3

including because it was the result of two full-day mediation sessions with experienced mediators. Preliminary Approval Order, Filing 323 at 7 (¶ 12). This factor favors final approval.

d. **Relief to the Class.** The Settlement Agreement provides that as settlement of the claims of the Settlement Class, Defendants will pay, or cause to be paid, $800,000.00 into an Escrow Account for the Class Settlement Fund. Settlement Agreement, Filing 320-1 at 16 (§ IV, ¶ 1). The Court finds the Settlement provides substantial relief to the Class. Using the available records, Class Counsel calculates that the $800,000.00 in monetary relief provided by the Settlement amounts to approximately 47% of the maximum wages owed to the Class. Filing 320-6 at 3 (¶ 9). This result compares favorably to results achieved in other wage and hour class action suits approved in this Circuit. *Meller v. Bank of the W.*, No. 318CV00033JAJSBJ, 2018 WL 5305562, at *6 (S.D. Iowa Sept. 10, 2018) (holding recovery of one third of potential damages weighed in favor of final approval), *report and recommendation adopted*, No. 3:18-CV-00033-JAJ, 2018 WL 5305556 (S.D. Iowa Oct. 1, 2018); *McClean v. Health Sys., Inc.*, No. 6:11-CV-03037-DGK, 2015 WL 12426091, at *4 (W.D. Mo. June 1, 2015) (holding recoveries of 25% and 30% on wage and hour claims reasonable). This factor thus favors final approval.

e. **Equitable Treatment of Class Members.** The Settlement itself does not distinguish between Class Members (except that it does guarantee all Class Members who performed relevant work will receive a payment). The

4

allocation of the Net Settlement Fund is to be according to a court-approved Plan of Allocation proposed by Class Counsel, addressed below. *Infra* ¶ 9. This factor favors final approval.

6. **Eighth Circuit Approval Factors.** Each of the factors applied by courts of this circuit evaluating final approval of class action settlements favor final approval.

    a. **Balance of the Strength of the Case Against the Value of the Settlement.** Absent settlement, there would be further formal written discovery and depositions on both Rule 23 class certification and merits issues, discovery by Defendants on the FLSA Opt-Ins' claims, contested class certification briefing, expert discovery, and summary judgment motions. A trial would be lengthy and complex and add enormous cost to the litigation. Any judgment would likely be appealed, further extending the litigation. Potential risks existed for Plaintiffs on a hypothetical contested class certification motion and as to both liability and damages at trial. The approximately 47% recovery represented by the Settlement, *see supra* ¶ 5(d), is reasonable weighed against these risks. This factor favors final approval.

    b. **No Fraud or Collusion.** The Court previously held that the Settlement was non-collusive. Preliminary Approval Order, Filing 323 at 7 (¶ 12). The involvement of multiple skilled mediators, including a Magistrate Judge of this Court, in negotiating the Settlement and the vigorous litigation by the parties over a period of years support this conclusion. *Khoday v. Symantec Corp.*, No. 11-CV-180 (JRT/TNL), 2016 WL 1637039, at *8 (D. Minn.

Apr. 5, 2016) (holding that "an absence of collusion is reasonably inferred in light of the fact that the adversarial process of this litigation has been vigorous during the course of the dispute, spanning several years and hundreds of court filings" and "three rounds of mediation"), *report and recommendation adopted*, No. 11-CV-0180 (JRT/TNL), 2016 WL 1626836 (D. Minn. Apr. 22, 2016), *aff'd sub nom. Caligiuri v. Symantec Corp.*, 855 F.3d 860 (8th Cir. 2017).

c. **Progress of Discovery.** Discovery in this case had proceeded to the point where all parties were aware of the merits. Settlement negotiations occurred after eighteen months of discovery in which Defendants produced over 54,000 pages of documents including timekeeping and on-call policies and timekeeping and payroll records for the Settlement Class and provided answers to interrogatories about departments that reported Remote On-Call Work, and Plaintiffs took and defended ten depositions. Filing 320-6 at 2 (¶ 5). The Court previously held this constituted "substantial discovery." Preliminary Approval Order, Filing 323 at 7 (¶ 12). This factor favors final approval.

d. **Notice to and Objections by Class Members.** Notice was provided to the Class Members of the Settlement and of their ability to object to or be heard regarding the Settlement. Notice of Collective and Class Action Settlement, Filing 335-1 at 3. No Class Members have objected to the Settlement or to the Plan of Allocation. "Such overwhelming support by class members is strong circumstantial evidence supporting the fairness of the Settlement."

*Jones v. Casey's Gen. Stores, Inc.*, 266 F.R.D. 222, 230 (S.D. Iowa 2009) (quoting *Mangone v. First USA Bank*, 206 F.R.D. 222, 227 (N.D. Ill.2001)). This factor favors final approval.

e. **Defendants' Financial Condition.** One concern in class action settlements is whether defendants will have any financial difficulty paying the settlement or judgment. *Walkinshaw*, 2022 WL 5255287, at *3. While there was no concern about Defendants' ability to pay, Class Counsel was aware of Defendants' financial condition and eliminated any possible risk of Defendants' potential inability to pay by negotiating as a term of the Settlement that the settlement monies would be deposited in an escrow account. There is thus no risk of nonpayment. This factor favors final approval.

f. **The Complexity and Expense of Further Litigation.** The Settlement avoids significant expense, delay, and the likelihood of continued litigation that would be complex, expensive, and lengthy. At the time the Settlement was reached, further fact and expert discovery, briefing on class certification and summary judgment, and trial remained. Defendants would likely have appealed from any judgment in favor of Plaintiffs and the Class. This factor favors final approval.

7. **Final Certification of FLSA Collective.** At the second certification stage, "a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Morales v. Greater Omaha Packing Co.,*

7

*Inc.*, No. 8:08-cv-161, 2011 WL 2881408, at *6 (D. Neb. Apr. 5, 2011). The Court finds that the common factual and employment settings of the Named Plaintiffs and members of the FLSA Collective, the absence of any unique defense to their FLSA claims, and the fairness and procedural considerations weigh in favor of maintaining certification of the FLSA Collective. The Court concludes that members of the FLSA Collective are similarly situated and that final certification is appropriate for settlement purposes. Therefore, the Court finally certifies a class pursuant to Rule 23(a) and (b)(3) on Count II, a 2017 Subclass on Counts III, IV, and VII, and a 2016 Subclass on Counts V, VI, and VII.

8. **Approval of FLSA Settlement.** As the Court pointed out at the "fairness hearing" on February 10, 2023, the Eighth Circuit Court of Appeals has "acknowledged a split among the circuits over whether judicial approval is required for all FLSA settlements." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853 (8th Cir. 2021) (citing *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019)). The Eighth Circuit Court of Appeals declined to take sides in that split. *Id.* Nevertheless, in an abundance of caution and upon the request of the parties, the Court will approve the FLSA Settlement as well as the class settlement on state law claims. The Court previously found "no grounds to doubt the fairness of the Settlement Agreement to resolve bona fide disputes over the FLSA claims." Preliminary Approval Order, Filing 323 at 10 (¶ 22). The Court reaffirms its findings that the Settlement is the result of informed, non-collusive, and arm's length negotiations that were conducted by experienced counsel after substantial discovery, that the settlement at this juncture is beneficial to the FLSA Plaintiffs and Defendants given the time, expense, and uncertainty of further litigation, and that the Settlement is entitled to a presumption of fairness. Filing 323 at 9–10 (¶ 21). The Court thus approves the settlement of the FLSA claims.

9. **Plan of Allocation.** The proposed Plan of Allocation provides a minimum payment to Class Members who do not submit a Claim Form and calculates each Authorized Claimant's share of the Remaining Net Settlement Amount based on the claims the Claimant has and the relative values, strengths, and weaknesses of the different subgroups and categories of claims in the case. The Court finds that the Plan of Allocation is fair, reasonable and adequate and finally approves the Plan of Allocation.

10. **Reimbursement of Litigation Expenses.** The Court approves the reimbursement of litigation expenses to Class Counsel from the Attorneys' Fee and Expense Fund in the amount of $96,060.96, as set forth in Filing 346-1 at 2.

11. **Award of Fees to Class Counsel.** Class Counsel have requested a fee award in the amount of the balance of the Attorneys' Fee and Expense Fund (after deduction of litigation expenses). Also, the decision of the Eighth Circuit Court of Appeals in *Vines*, 9 F.4th at 853–54, makes clear that on an FLSA claim, a court must be satisfied that "[(1)] the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and [(2)] there was no conflict of interest between the attorney and his or her client." (bracketed numbers inserted). The Court accepts the recitations in Plaintiffs' Brief, Filing 345 at 19, and the Agreement at 3, Filing 320-1 at 5 (¶ L), that the attorneys' fees were negotiated separately and only after agreement on the class and collective recovery had been reached in principle. The Settlement Agreement creates a separate Attorneys' Fee and Expense Fund of $750,000. Settlement Agreement, Filing 320-1 at 16 (§ IV, ¶ 2). Based on the Court's award of litigation expenses, *supra* ¶ 10, the remaining amount of that award will be approximately $653,939.04 (not accounting for earnings and interest). In class actions where the settlement does not create one fund from which both recovery for the class and attorneys' fees are distributed and the parties negotiated payment of attorneys' fees separately

9

from and in addition to the settlement fund for the class, courts apply the lodestar method under which the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation to produce a fee amount. *Powers v. Credit Mgmt. Servs., Inc.*, No. 8:11-cv-436, 2016 WL 6994080, at *1, 3 (D. Neb. Nov. 29, 2016) (applying the lodestar method where the class settlement provided for payment of attorneys' fees separate from and in addition to settlement fund created for class members*); Powers v. Collection Analyst, Inc.*, No. 8:17CV229, 2018 WL 6171818, at *1, 4 (D. Neb. Nov. 26, 2018) (same); *Cullan and Cullan LLC v. M-Qube, Inc.*, 8:13CV172, 2017 WL 1040353, at *4 (D. Neb. Mar. 16, 2017) (applying the lodestar method in the amounts the parties negotiated separately and in addition to recovery for the class).

>   a. **Class Counsel's Hourly Rates.** In this case, however, both the hourly rate and the hours expended are effectively capped by the Attorneys' Fee and Expense Fund of $750,000, plus earnings and interest on that amount, minus litigation expenses, pursuant to Section IV of the Class Action and Collective Settlement Agreement. Filing 320-1 at 16 (¶ 3). In fact, the "lodestar" amount for an attorneys' fee award the Plaintiffs seek is the remainder of that Fund minus litigation expenses. Plaintiffs represent that based on the hours expended and the lodestar requested, Class Counsel are effectively compensated at the average local or discounted hourly rates of $200 to $375 per hour or less for attorneys of Block & Leviton and Migliaccio & Rathod and $100 or less for paralegals. Filing 333 at 22. The requested amount of $750,000, minus litigation expenses is considerably less than the $1,035,725.90 in fees for all hours worked at the estimated "Nebraska rates," let alone less than the amount in fees for all hours worked

at either out-of-state counsel's "historical rates" or their "current rates." Filing 333 at 7. In these circumstances, the Court finds it unnecessary to make any determination of whether to reimburse counsel at an "out-of-state" or a "local" rate. *See, e.g.*, *Hillesheim v. SNA LLC*, 8:18CV562, 2020 WL 1077570, at *1 (D. Neb. Mar. 6, 2020) ("In a case where the plaintiff does not use local counsel, the district court is not limited to the local hourly rate, if the plaintiff has shown that, in spite of his diligent, good faith efforts, he was unable to find local counsel able and willing to take the case."). The Court finds the effective hourly rates are reasonable.

b. **The Time Expended by Class Counsel.** In light of efforts by Class Counsel to litigate this case efficiently, as well as the significant work performed over the past three and a half years, the complexity of the legal issues presented, and Defendants' aggressive defense, the more than 3,978.22 hours expended by Co-Lead Class Counsel in the litigation of this case are reasonable. These hours are properly compensated at the effective hourly rates set out in subparagraph a. above.

c. **Fee Award.** Class Counsel's total lodestar at their "historical rates" exceeds $2,085,565.40. The requested award of the balance of the Attorneys' Fee and Expense Fund is approximately $653,939.04, representing thirty-one percent (31% or 0.31) of lodestar (or what is referred to as a "negative multiplier"). The requested amount is also not in excess of the Settlement Class's monetary relief under the Settlement. The Court finds the requested fee award reasonable, including in light of the preclusion

11

of Co-Lead Class Counsel from other employment, the contingency of the fee, the undesirability of the case, and review of awards in similar cases. The Court approves Co-Lead Class Counsel's request for attorneys' fees in the amount of the balance of the Attorneys' Fee and Expense Fund after deduction of litigation expenses.

12.     **Settlement Administration Costs.** The Court approves payment from the Class Settlement Fund of CPT Group's settlement administration costs (to the extent not already paid by and reimbursed to Class Counsel by this Order) of up to $35,500.00 (or a lesser amount if the costs are less).

13.     **Service Awards.** The Court has reviewed the factors relevant to determining whether a service award is appropriate and evidence presented by the Plaintiffs, and the Court finds that such awards are appropriate in this case. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017). In recognition of the time and effort expended for the benefit of the Class by the seven named Plaintiffs, the Court approves service awards in the amount of $8,000.00 to each of Plaintiffs Nichole Walkinshaw, Tysha Bryant, April Endicott, Heather Nabity, Meghan Martin, Alandrea Ellwanger, and Troy Stauffer.

14.     **Release by Plaintiffs and Class.** Plaintiffs and the Class are deemed conclusively to have released and waived all claims against Defendants arising from the same factual predicate as those in the Second Amended Complaint for the period from February 6, 2015, through April 11, 2022. The Court finds that the scope of the release is reasonable and consistent with Eighth Circuit law. Plaintiffs and the class are barred and permanently enjoined from prosecuting any and all Settled Claims against any person from whom they have released claims as provided by the Settlement Agreement.

15. **Release by Defendants.** The Settlement provides that Defendants and their insurers fully and finally release Plaintiffs, Plaintiffs' Counsel, Class Counsel, and the Class from any and all claims or causes of action arising out of the filing of this action. Defendants and their insurers are barred and permanently enjoined from prosecuting any and all Settled Claims against any person from whom they have released claims as provided by the Settlement Agreement.

16. **Dismissal.** The Court hereby dismisses this Action with prejudice. Nothing in this Order shall preclude any action to enforce the Settlement Agreement or any other claims not released by the Settlement Agreement.

17. **Final Judgment.** This Order constitutes the final judgment of the Court terminating this action. See *Schumacher v. SC Data Ctr., Inc.*, 912 F.3d 1104, 1105 (8th Cir. 2019). No separate judgment is required or will be filed.

18. **Continuing Jurisdiction.** The Court has jurisdiction to enter this Order as the final judgment in this case. Without affecting the finality of this Order as the final judgment in this case in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) implementation of this Settlement Agreement; (b) disposition of the Settlement Fund and distributions from the Settlement Fund; (c) any disputes about the allocation of Attorneys' Fees and Expenses, and (d) enforcement and administration of this Settlement Agreement, including the release provisions thereof.

Dated this 13th day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge